IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                    12-CR-6179-CJS

ERIC A. CONTRERAS,

                    Defendant.

---

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR AN ORDER TO ENFORCE A COURT ORDER AND FOR RELEASE OR TRANSFER TO HOME CONFINEMENT OR HALFWAY HOUSE

The United States of America, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Robert A. Marangola, Assistant United States Attorney, of counsel, respectfully files this response in opposition to the defendant's motion (Dkt. 47) seeking an order to enforce a court order and for release or transfer to home confinement or halfway house.

## PROCEDURAL HISTORY AND RELEVANT FACTS

On January 4, 2013, the defendant, Eric A. Contreras, pled guilty to a one count Information which charged conspiracy to possess with intent to distribute, and to distribute, 500 grams or more of cocaine in violation of Title 21, United States Code, Section 846.  (Dkt. 16).

On August 10, 2013, this Court sentenced the defendant to one hundred eighty-eight (188) months imprisonment with four (4) years supervised release.  (Dkt. 24).  The

defendant is currently incarcerated at FCI Safford, a low security federal correctional institution in Safford, Arizona with a projected release date of November 28, 2025.

## LEGAL STANDARD

While the defendant does not cite any statutory authority under which he filed his motion, with regard to his request for immediate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment only if a defendant can show (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant the reduction; (3) the defendant is not a danger to the safety of any other person or to the community; and (4) the reduction is consistent with 18 U.S.C. § 3553(a) and USSG. *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *2 (W.D.N.Y. Apr. 29, 2020); *see also* USSG § 1B1.13 (the United States Sentencing Guidelines Policy Statement on compassionate release).

Per the application notes set forth at § 1B1.13, the following may be considered extraordinary and compelling reasons:

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I)    suffering from a serious physical or medical condition,
        (II)   suffering from a serious functional or cognitive impairment, or
        (III)  experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family circumstances. -

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

USSG § 1B1.13, comment. (n.1).

## ARGUMENT

The defendant's motion for an order to enforce a court order, and for release or transfer to home confinement or halfway house, should be denied. To the extent that the defendant intended to bring his motion under § 3582(c)(1)(A)(i), he has failed to meet his burden to demonstrate that he has complied with the administrative exhaustion requirements which serve as a necessary predicate to addressing the merits of the motion. However, even if he had met the exhaustion requirements, the motion is insufficient. The defendant, while claiming he is on an "at risk list," he fails to elaborate or provide any detail that demonstrates "extraordinary and compelling" reasons to alter or reduce his original sentence, or that his release comports with the sentencing considerations set forth in 18 U.S.C. § 3553(a). (Dkt. 47 at 3). Finally, the defendant cites no authority, nor is the government aware of any

authority, that permits this Court to enforce a court order in another district, or to direct the BOP to place the defendant in home confinement.

### A. The Defendant has not Exhausted his Administrative Remedies and any Application for Compassionate Release Must Therefore be Dismissed.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides that:

> "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable…."

As the proponent of the motion, the defendant bears the burden of proving that he has satisfied the procedural prerequisites of the statute in order to obtain judicial review – i.e. that he has "exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf" or that 30 days have lapsed "from the receipt of such a request by the warden." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."). In fact "[a]n inmate's failure to exhaust administrative remedies for a compassionate release request is a 'glaring roadblock foreclosing compassionate release.'" *United States v. McAuley*, No. 11-CR-6083-CJS, ECF No. 782 at 3 (W.D.N.Y. Apr. 29, 2020), *quoting United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *see also United States v. Grimes*, No. 18-CR-6101-CJS, 2020 WL 2098106 (W.D.N.Y. May 1, 2020) (denying compassionate release motion for failure to

4

exhaust administrative remedies); *United States v. Siefert*, No. 06-CR-6111-CJS, ECF No. 39 (W.D.N.Y. Apr. 20, 2020) (same).

According to regional counsel handling the BOP facility at FCI Safford, there is no record of the defendant filing any Administrative Requests for a Reduction in Sentence ("RIS"). While it has recently been held that § 3582(c)(1)(A)'s exhaustion requirement is not a jurisdictional limitation when waived by the government, here the government does not waive any exhaustion requirement. Accordingly, absent affirmative proof of a RIS submission by the defendant, the government submits that the defendant has failed to demonstrate exhaustion. *See United States v. Saladino*, No. 20-1563, 2021 WL 3376973, at *3 (2d Cir. Aug. 4, 2021) *citing Hamer v. Neighborhood Hous. Servs.*, __ U.S. __, 138 S. Ct. 13, 17, 199 L.Ed.2d, 249, (2017) ("Not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a 'claim-processing rule[ ]' and accordingly 'may be waived or forfeited' by the government.")

### B. Even if the Court Reached the Merits, a Sentence Reduction is Not Warranted.

*1. The Defendant's Individual Health Concerns are Not So Extraordinary and Compelling as to Justify Early Release from the Bureau of Prisons.*

Presently, the CDC has identified certain medical conditions that, according to current data, definitively entail a greater risk of severe illness when combined with COVID-19. This list includes: (1) cancer; (2) chronic kidney disease; (3) COPD; (4) certain immunocompromised states; (5) obesity (defined as a BMI above 30); (6) certain serious heart conditions; (7) sickle cell disease; and (8) Type II diabetes. The defendant, at just 38 years of age, claims BOP Health Services had him on an "at risk list" yet he fails to provide any detail regarding his health risks. (Dkt. 47 at 3).

According to his BOP Inmate Profile, the defendant is classified at the lowest required care level: "Medical Care Level 1." For context, there are four levels of medical care that the BOP uses to distinguish the medical needs to each inmate. Level 4 inmates are the most severely impaired requiring the highest level of care, while Level 1 inmates require the least medical care. Inmates with Level 1 needs are those who are generally healthy, under 70 years of age, who have limited medical needs requiring clinician evaluation and monitoring.

While not mentioned in his motion, the defendant's BOP medical records[1] confirm that he tested positive for COVID-19 on January 28, 2022. The defendant has failed to offer any proof that he has developed any long-term complications from COVID-19, or that he received inadequate treatment for his condition, or that he failed to fully recover. *See United States v. Ranieri*, 2021 WL 210346 at *1 (W.D.N.Y. Jan. 21, 2021) (holding no compelling reason for compassionate release where defendant contracted COVID-19 but recovered and "was not seriously affected by the virus"); *United States v. Campbell,* 511 F. Supp. 3d 418, 419 (W.D.N.Y. Jan. 5, 2021) (finding defendant, who tested positive for the virus causing COVID-19, fails to establish compelling and extraordinary reasons for a sentence reduction); *United States v. Curtiss*, 467 F.Supp.3d 96, 98-99 (W.D.N.Y. 2020) (finding no extraordinary and compelling reasons where defendant's medical conditions "appear serious and present a heightened risk for serious illness from COVID-19" but the defendant had already contracted the virus and recovered); *United States v. Hardy*, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020) (concluding that "[n]ow that [the defendant] has contracted and seemingly weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense");

---

[1] A copy of the BOP health records can be provided to the Court under separate cover if not provided by the Unites States Probation Office.

6

*see also United States v. Toole*, 515 F. Supp. 3d 17, 18, (W.D.N.Y. Jan. 28, 2021) (finding "the most important reason for denying [defendant's] motion at this time is the fact that he unfortunately tested positive for COVID-19").

Additionally, the defendant refused the Pfizer vaccine when it was offered to him on January 7, 2021. By declining the vaccine, the defendant passed on the opportunity for "self-care" that BOP has made available. For this reason, the motion should be denied. *See, e.g., United States v. Baeza-Vargas*, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021) (Teilborg, J.) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.") (citing more than a dozen cases).

The defendant has failed to proffer anything to indicate that he falls into that narrow band of inmates who are "suffering from a serious physical or medical condition," or that he is suffering from a "serious functional or cognitive impairment," or that he is "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* USSG § 1B1.13, comment. (n.1). Having failed to satisfy his burden of establishing extraordinary and compelling health reasons, his claim must fail.

  2. *The Conditions at Safford Do Not Justify the Defendant's Release.*

The government acknowledges that the Safford facility has been impacted by COVID-19. But neither BOP nor FCI Safford has sat idly by and allowed the virus to run rampant. In fact, since the pandemic started, 479 inmates from FCI Safford have tested positive, were

7

medically treated, and have recovered from COVID-19. *See* https://www.bop.gov/coronavirus/ (last accessed April 8, 2022). As of April 8, 2022, there are <u>zero</u> confirmed inmates currently positive with COVID-19. *Id*. The defendant makes no allegation that the conditions at FCI Safford are placing him uniquely at risk, any more than the risk he would face if released to the general public. As this Court has previously opined: "'[t]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme.'" *United States v. Ocasio*, 16-CR-6047CJS, Document No. 108, at 7-8 (W.D.N.Y. May 22, 2020) (Siragusa, J.) (citing *United States v. Korn*, 2020 WL 1808213, at *6-7 (W.D.N.Y. April 9, 2020)); *United States v. Prather*, 04-CR-6157CJS, Document No. 591 (W.D.N.Y. August 6, 2020) (Siragusa, J.).

   3. *The 3553(a) Factors Weigh Against Release.*

For all of the reasons considered at sentencing, the defendant's original sentence was and remains appropriate, notwithstanding the pandemic. The nature and circumstances of the defendant's crimes are very serious. In his plea colloquy, the defendant admitted he did knowingly, willfully, and unlawfully possess with intent to distribute, and distribute, 500 grams or more of cocaine, a Schedule II controlled substance. (Dkt. 16 at 3). Furthermore, the defendant's past "history and characteristics" do not provide support to his bid for early release. His criminal history category when sentenced was a VI and the parties agreed at that time that the defendant is a career offender. (Dkt. 16 at 5).

8

A change in the defendant's sentence now would seriously undermine the fairness and purpose of the original prison sentence in this case. *See United States v. Roney*, 833 F. App'x 850, 854, (2d Cir. 2020) ("[C]ourts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence."); *United States v. Ebbers*, 432 F. Supp. 3d 421, 429–30 (S.D.N.Y. 2020) (the task here is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner."); *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam) (district courts are not required to rebalance the § 3553(a) factors to consider the effect of the COVID-19 pandemic).

4. *This Court Has No Authority to Enforce a Court Order in Another District.*

The defendant has asked for an order enforcing an order issued by a district court judge in the Central District of California (Dkt. 47 at 1-2). The defendant offers no statutory authority to support his request for such relief, and therefore this Court has no authority to act on his request for such relief in this forum.

5. *This Court Has No Authority to Direct the BOP to Place the Defendant in Home Confinement*

The defendant has asked that the remainder of his sentence be converted to home confinement. This request should be denied because, as this Court is well aware, it has no authority to direct BOP to place a defendant in home confinement. Rather, such designation decisions are committed solely to BOP's discretion.

Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b); *United States v. Pineyro*, 112 F.3d 43, 45 (2d

9

Cir. 1997) (per curiam) ("[a]fter a defendant is sentenced, it falls to BOP, not the district judge, to determine . . . a defendant's place of confinement"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. *See Pineyro*, 112 F.3d at 45 ("[w]hile [the] BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling"). Because the defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Moreover, there is no constitutional or statutory authority that allows the Court to order home confinement. A prisoner has no constitutional right to confinement in any particular place, including in his home. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him to *any* of its prisons."). Following the imposition of sentence, the Court has limited jurisdiction to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582. *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam). Section 3582(c) contemplates only a reduction in sentence. *See* 18 U. S. C. § 3582(c). But the defendant's request to serve the rest of his term in home confinement or halfway house, as opposed to prison, works no reduction to his sentence. Home confinement merely permits the inmate to serve out his imprisonment at home. The

defendant's request for such relief therefore falls outside § 3582(c)'s limited grant of authority to this Court to modify a sentence post-conviction.

## **CONCLUSION**

For the reasons set forth above, the defendant's motion for an order to enforce a court order and for release or transfer to home confinement or halfway house should be denied.

DATED:  Rochester, New York
        April 12, 2022

                                             Respectfully submitted,

                                             TRINI E. ROSS
                                             United States Attorney
                                             Western District of New York

BY:     s/ROBERT A. MARANGOLA
          Assistant United States Attorney
          United States Attorney's Office
          Western District of New York
          100 State Street
          Rochester, New York 14614
          (585) 399-3980
          Robert.Marangola@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

       v.                                                          12-CR-6179-CJS

ERIC A. CONTRERAS,

                Defendant.

---

### CERTIFICATE OF SERVICE BY MAIL

      I hereby certify that on April 12, 2022, I electronically filed the GOVERNMENT'S RESPONSE TO MOTION FOR AN ORDER TO ENFORCE A COURT ORDER AND FOR RELEASE OR TRANSFER TO HOME CONFINMENT OR HALFWAY HOUSE with the Clerk of the District Court using its CM/ECF system.

      I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

Eric A. Contreras, Reg. No. 57990-112<br>
FCI Safford<br>
Federal Correctional Institution<br>
P.O. Box 9000<br>
Safford, AZ   85548

Dated:   April 12, 2022
         Rochester, New York

                                                              s/Michelle McCreedy